UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

LAUNDRY, DRY CLEANING AND ALLIED       :
INDUSTRIES RETIREMENT FUND,            :          Case No. 19 Civ 9147
WORKERS UNITED; LAUNDRY, DRY           :
CLEANING AND ALLIED INDUSTRIES         :          **COMPLAINT**
EDUCATION AND LEGAL ASSISTANCE         :
FUND, WORKERS UNITED; BOARD OF         :
TRUSTEES OF LAUNDRY, DRY CLEANING      :
WORKERS AND ALLIED INDUSTRIES          :
RETIREMENT FUND, WORKERS UNITED and :
BOARD OF TRUSTEES OF LAUNDRY, DRY       :
CLEANING WORKERS AND ALLIED            :
INDUSTRIES EDUCATION AND LEGAL         :
ASSISTANCE FUND, WORKERS UNITED,       :
                                       :
                 Plaintiffs,           :
                                       :
          -vs-                         :
                                       :
FDR SERVICES CORP. OF NEW YORK,        :
                                       :
                 Defendant.            :
--------------------------------------------------------------x

Plaintiffs, the Laundry, Dry Cleaning and Allied Industries Retirement Fund, Workers

United (the "Retirement Fund"), the Laundry, Dry Cleaning and Allied Industries Education and

Legal Assistance Fund, Workers United (the "Education/Legal Fund"), the Board of Trustees of

the Retirement Fund (the "Retirement Trustees") and the Board of Trustees of the

Education/Legal Fund (the "Education/Legal Trustees"), by their attorneys, Schulte Roth &

Zabel LLP, as and for their complaint against Defendant, FDR Services Corp. of New York

("FDR NY"), respectfully allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs bring this action against FDR NY for its serial delinquency in remitting

its monthly contributions and remittance reports to the Retirement Fund and to the

Education/Legal Fund, in violation of a settlement agreement between the National Labor Relations Board (the "NLRB") and FDR NY, a collective bargaining agreement and certain statutory obligations imposed upon FDR NY pursuant to Sections 502(g)(2)(A), (B), (C), (D) and 515 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1132(g)(2)(A), (B), (C), (D), and 1145, 29 U.S.C. § 1001 et seq. and Section 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and Sections 502(a), (e) and (f) of ERISA, 29 U.S.C. §§ 1132(a), (e) and (f).

3.      Venue is proper in this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and Sections 502(a), (e) and (f) of ERISA, 29 U.S.C. §§ 1132(a), (e) and (f), and because the Retirement Fund and the Education/Legal Fund are administered in Westchester County, New York.

## THE PARTIES

4.      The Retirement Fund is a Taft-Hartley trust fund with trustees selected by the labor organization Laundry, Distribution and Food Service Joint Board, Workers United (the "Union") and by employers that contribute to the Retirement Fund.

5.      The Retirement Fund is established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

6.      The Retirement Fund is governed by an agreement and declaration of trust.

7.     The Education/Legal Fund is a Taft-Hartley trust fund with trustees selected by the Union and by employers that contribute to the Education/Legal Fund.

8.     The Education/Legal Fund is established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

9.     The Education/Legal Fund is governed by an agreement and declaration of trust.

10.     The Retirement Fund administers a multiemployer pension plan within the meaning of Sections 3(2)(A) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(2)(A) and (37)(A) (the "Retirement Plan").

11.     The Education/Legal Fund administers a multiemployer welfare plan within the meaning of Sections 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(1) and (37)(A) (the "Education/Legal Plan").

12.     The Retirement Trustees are fiduciaries of the Retirement Plan within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action under Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1451(a)(1).

13.     The Education/Legal Trustees are fiduciaries of the Education/Legal Plan within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action under Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1451(a)(1).

14.     FDR NY is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C.

§ 1002(5), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

15.     Upon information and belief, FDR NY is a corporation incorporated in New York

State.

16.     Upon information and belief, FDR NY is a trade or business having its principal

place of business at 44 Newmans Court, Hempstead, NY 11550.

17.     FDR NY is a participating employer in the Retirement Plan.

18.     FDR NY is a participating employer in the Education/Legal Plan.

## FACTUAL BACKGROUND

19.     FDR NY had an obligation to contribute to the Retirement Fund and

Education/Legal Fund pursuant to a collective bargaining agreement between FDR NY and the

Union.

20.     FDR NY and the Union were parties to a collective bargaining agreement dated

May 1, 2013 through April 30, 2016 (the "CBA"), which required FDR NY to, among other

obligations, remit monthly contributions on behalf of its employees affiliated with the Union to

the Retirement Plan and to the Education/Legal Plan.

21.     Upon information and belief, the FDR NY and the Union entered into an

extension agreement on May 1, 2016, extending the CBA through January 31, 2017.

22.     FDR NY and the Union entered into a subsequent extension agreement on May 31, 2017, extending the CBA until July 31, 2017, while the parties continued to negotiate a new collective bargaining agreement, and while maintaining "peaceful labor relations."

23.     Upon information and belief, the Union and FDR NY are currently negotiating a new collective bargaining agreement to govern their labor relationship.

24.     Upon information and belief, the Union and FDR NY are still operating under the terms of the CBA while negotiating a new collective bargaining agreement.

25.     Since the expiration of the CBA on July 31, 2017, FDR NY has made contributions to the Retirement Plan and to the Education/Legal Plan on behalf of its employees affiliated with the Union in accordance with the methodology set forth in the CBA.

26.     FDR NY, however, has been serially delinquent in making its contributions to the Retirement Plan and to the Education/Legal Plan on behalf of its employees affiliated with the Union.

27.     On February 2, 2018, the Union filed an unfair labor practice charge with the NLRB against FDR NY, case number 29-CA-214454, for, *inter alia*, coercive actions and statements, refusal to bargain/bad faith bargaining and repudiation/modification of contract (the "First NLRB Charge").

28.     On August 22, 2018, the Union filed an unfair labor practice charge with the NLRB against FDR NY, case number 29-CA-226068, for, *inter alia*, coercive statements, changes in terms and conditions of employment and repudiation/modification of contract (the "Second NLRB Charge").

5

29.     On November 28, 2018, the NLRB approved a settlement agreement, resolving the First NLRB Charge and the Second NLRB Charge (the "Settlement Agreement").  The Settlement Agreement provides that FDR NY must make contributions to the Retirement Fund and to the the Education/ Legal Fund.

30.     On December 3, 2018, the NLRB issued a letter detailing FDR NY's obligations under the Settlement Agreement, including FDR NY's obligation to "make future contributions to the pension and education/legal funds on each employee's behalf."

31.     FDR NY has failed to remit its monthly contributions to the Retirement Fund on behalf of each employee affiliated with the Union, as it is required to do pursuant to the CBA, which continues to govern the Union's and FDR NY's labor relationship, and pursuant to the Settlement Agreement for the months of May 2019, June 2019, July 2019 and August 2019 in the estimated amount of $9,884.28 each month, and $39,537.12 in total (the "Delinquent Retirement Contributions").

32.     FDR NY has failed to remit its monthly contributions to the Education/Legal Fund on behalf of each employee affiliated with the Union, as it is required to do pursuant to the CBA, which continues to govern the Union's and FDR NY's labor relationship, and the Settlement Agreement for the months of May 2019, June 2019, July 2019 and August 2019 in the estimated amount of $2,787.88 each month, and $11,151.52 in total (the "Delinquent Education Contributions").

33.     In or around late February 2019, the Union filed an unfair labor practice charge with the NLRB against FDR NY for its delinquent contributions, but, upon information and belief, the NLRB's Regional Office opted to not issue a Complaint on the basis that because

FDR NY habitually remitted its contributions to the Retirement Fund and to the Education/Legal Fund up to 90 days late, no unilateral change in the terms and conditions of employment of the Union employees had occurred.

34.     By check dated June 14, 2019, FDR NY remitted its delinquent March 2019 contributions to the Retirement Fund and to the Education/Legal Fund.

35.     By check dated August 13, 2019, FDR NY remitted its delinquent February 2019 contributions to the Retirement Fund and to the Education/Legal Fund.

36.     By check dated September 10, 2019, FDR NY remitted its delinquent April 2019 contributions to the Retirement Fund and to the Education/Legal Fund.

37.     FDR NY failed to pay interest on its delinquent February, March and April 2019 contributions.

38.     FDR NY has failed to provide the Retirement Fund and the Education/Legal Fund with its remittance reports, for the months of April 2019, May 2019, June 2019, July 2019 and August 2019 (the "Delinquent Remittance Reports").

39.     The Retirement Fund and Education/Legal Fund are multiemployer funds that provide benefits to their participants and beneficiaries each month.

40.     The Retirement Fund and Education/Legal Fund need contributing employers, like FDR NY, to timely remit their contributions to allow each fund to satisfy their monthly obligations to their participants and beneficiaries.

41.     The Retirement Fund and Education/Legal Fund need contributing employers, like FDR NY, to provide monthly remittance reports to allow each fund to correctly allot their funds and to be able to audit contributions.

### AS AND FOR A FIRST CLAIM AGAINST DEFENDANT
**(For the Interest and Liquidated Damages With Respect to FDR NY's Delinquent February, March and April 2019 Contributions, Plus Attorneys' Fees and Costs)**

42.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth here.

43.     FDR NY's contributions on behalf of its employees affiliated with the Union owed to the Retirement Fund in February 2019 (the "February 2019 Retirement Contributions") were approximately six months delinquent before FDR NY remitted the principal amount of the February 2019 Retirement Contributions on August 13, 2019.

44.     FDR NY's contributions on behalf of its employees affiliated with the Union owed to the Education/Legal Fund in February 2019 (the "February 2019 Education Contributions") were approximately six months delinquent before FDR NY remitted the principal amount of the February 2019 Education Contributions on August 13, 2019.

45.     FDR NY is liable to the Retirement Fund for interest on the delinquent February 2019 Retirement Contributions calculated pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B).

46.     FDR NY is liable to the Education/Legal Fund for interest on the delinquent February 2019 Education Contributions calculated pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B).

47.     FDR NY is liable to the Retirement Fund for liquidated damages on the delinquent February 2019 Retirement Contributions calculated pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B).

48.     FDR NY is liable to the Education/Legal Fund for liquidated damages on the delinquent February 2019 Education Contributions calculated pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B).

49.     FDR NY's contributions on behalf of its employees affiliated with the Union owed to the Retirement Fund in March 2019 (the "March 2019 Retirement Contributions") were approximately four months delinquent before FDR NY remitted the principal amount of the March 2019 Retirement Contributions on June 14, 2019.

50.     FDR NY's contributions on behalf of its employees affiliated with the Union owed to the Education/Legal Fund in March 2019 (the "March 2019 Education Contributions") were approximately four months delinquent before FDR NY remitted the principal amount of the March 2019 Education/Legal Contributions on June 14, 2019.

51.     FDR NY is liable to the Retirement Fund for interest on the delinquent March 2019 Retirement Contributions calculated pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B).

52.     FDR NY is liable to the Education/Legal Fund for interest on the delinquent March 2019 Education Contributions calculated pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B).

53.     FDR NY is liable to the Retirement Fund for liquidated damages on the delinquent March 2019 Retirement Contributions calculated pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B).

54.     FDR NY is liable to the Education/Legal Fund for liquidated damages on the delinquent March 2019 Education Contributions calculated pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B).

55.     FDR NY's contributions on behalf of its employees affiliated with the Union owed to the Retirement Fund in April 2019 (the "April 2019 Retirement Contributions") were approximately five months delinquent before FDR NY remitted the principal amount of the April 2019 Retirement Contributions on September 10, 2019.

56.     FDR NY's contributions on behalf of its employees affiliated with the Union owed to the Education/Legal Fund in April 2019 (the "April 2019 Education Contributions") were approximately five months delinquent before FDR NY remitted the principal amount of the April 2019 Education Contributions on September 10, 2019.

57.     FDR NY is liable to the Retirement Fund for interest on the delinquent April 2019 Retirement Contributions calculated pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B).

58.     FDR NY is liable to the Education/Legal Fund for interest on the delinquent April 2019 Education Contributions calculated pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B).

59.     FDR NY is liable to the Retirement Fund for liquidated damages on the delinquent April 2019 Retirement Contributions calculated pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B).

60.     FDR NY is liable to the Education/Legal Fund for liquidated damages on the delinquent April 2019 Education Contributions calculated pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B).

61.     FDR NY is liable to the Plaintiffs for their attorneys' fees and costs associated with this action pursuant to Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B).

### AS AND FOR THE SECOND CLAIM AGAINST DEFENDANT
**(For Payment of the Delinquent Retirement Contributions and Delinquent Education Contributions, Plus Interest, Liquidated Damages and Attorneys' Fees and Costs)**

62.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 61 of this Complaint with the same force and effect as if fully set forth here.

63.     The Delinquent Retirement Contributions in the estimated principal amount of $39,537.12 have not been remitted by FDR NY and are now due and owing.  By reason thereof, FDR NY is liable to the Retirement Fund in the estimated principal amount of $39,537.12 pursuant to the Settlement Agreement, Section 301 of the LMRA, 29 U.S.C. § 185, and Sections 502(g)(2)(A) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2)(A), 1145.

64.     The Delinquent Education Contributions in the estimated principal amount of $11,151.52 have not been remitted by FDR NY and are now due and owing.  By reason thereof, FDR NY is liable to the Education/Legal Fund in the estimated principal amount of $11,151.52

pursuant to the Settlement Agreement, Section 301 of the LMRA, 29 U.S.C. § 185, and Sections 502(g)(2)(A) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2)(A), 1145.

65.    FDR NY is liable to the Retirement Fund for the interest on the Delinquent Retirement Contributions calculated pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B).

66.    FDR NY is liable to the Education/Legal Fund for the interest on the Delinquent Education Contributions calculated pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B).

67.    FDR NY is liable to Plaintiffs for the liquidated damages resulting from the Delinquent Retirement Contributions and the Delinquent Education Contributions calculated pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B).

68.    FDR NY is liable to the Plaintiffs for their attorneys' fees and costs associated with this action pursuant to Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B).

## AS AND FOR THE THIRD CLAIM AGAINST DEFENDANT
### (For Injunctive Relief: Compelling FDR NY to Provide Its Monthly Remittance Reports to Plaintiffs)

69.    Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 68 of this Complaint with the same force and effect as if fully set forth here.

70.    FDR NY has failed to provide the Delinquent Remittance Reports.

71.    Plaintiffs are entitled to injunctive relief compelling FDR NY to immediately provide the Delinquent Remittance Reports to the Retirement Fund and to the Education/Legal

Fund and to timely provide all future remittance reports to the Retirement Fund and to the Education/Legal Fund.

### AS AND FOR THE FOURTH CLAIM AGAINST DEFENDANT
**(For Injunctive Relief: Compelling FDR NY to Remit its Monthly Contributions to Plaintiffs)**

72.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 71 of this Complaint with the same force and effect as if fully set forth here.

73.     Because, upon information and belief, including in light of FDR NY's Delinquent Retirement Contributions and Delinquent Education Contributions, FDR NY will not timely remit its future monthly contributions owed to the Retirement Fund and to the Education/Legal Fund absent a court order requiring FDR NY to do so, Plaintiffs are entitled to an injunction requiring FDR NY to timely remit its monthly contributions to the Retirement Fund and to the Education/Legal Fund as set forth in the Settlement Agreement and the CBA.

**WHEREFORE,** Plaintiffs respectfully request the following judgment in favor of Plaintiffs and against FDR NY:

A.     That FDR NY be held liable for the immediate payment of the interest and liquidated damages resulting from the February 2019, March 2019 and April 2019 Retirement Contributions calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g);

B.     That FDR NY be held liable for the immediate payment of the interest and liquidated damages resulting from the February 2019, March 2019 and April 2019 Education Contributions calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g);

C.      That FDR NY be held liable for the immediate payment of the Delinquent

Retirement Contributions;

D.      That FDR NY be held liable for the immediate payment of the Delinquent

Education Contributions;

E.      That FDR NY be held liable for the immediate payment of interest and liquidated

damages resulting from the Delinquent Retirement Contributions calculated pursuant to Section

502(g) of ERISA, 29 U.S.C. § 1132(g);

F.      That FDR NY be held liable for the immediate payment of interest and liquidated

damages resulting from the Delinquent Education Contributions calculated pursuant to Section

502(g) of ERISA, 29 U.S.C. § 1132(g);

G.      That FDR NY be held liable for Plaintiffs' attorneys' fees and costs associated

with this action pursuant to Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

H.      An order requiring FDR NY to provide the Delinquent Remittance Reports to the

Retirement Fund and to the Education/Legal Fund and to timely provide all future remittance

reports to the Retirement Fund and to the Education/Legal Fund;

I.      An order requiring FDR NY to timely remit all future monthly contributions owed

to the Retirement Fund and to the Education/Legal Fund;

J.      Granting such other legal and equitable relief as the Court deems appropriate.


Dated:  October 2, 2019
        New York, New York

14

SCHULTE ROTH & ZABEL LLP

By:        /s/Scott A. Gold

             Scott A. Gold
             Abdulrahman Alwattar

             919 Third Avenue
             New York, New York 10022
             (212) 756-2000 (telephone)
             (212) 593-5955 (facsimile)
             Scott.Gold@srz.com
             Abdulrahman.Alwattar@srz.com

             *Attorneys for Plaintiffs*